53 CCPA

## BOURNS, INC.
v.
## GENERAL SCIENTIFIC CORP.
### Patent Appeal No. 7603.

United States Court of Customs
and Patent Appeals.
June 9, 1966.

Oscar A. Mellin, Carlisle M. Moore, San Francisco, Cal., Raymond W. Colton, Washington, D. C., for appellant.

Judge WORLEY, pursuant to provisions of Section 294(d), Title 28, United States Code.

Robert C. Comstock, Los Angeles, Cal., for appellee.

Before RICH, Acting Chief Judge, MARTIN, SMITH and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

KIRKPATRICK, Judge.

Appellant contends here that the Trademark Trial and Appeal Board committed reversible error in dismissing its opposition to applicant's registration of "KWIK-TRIM" over appellant's prior registered mark "E-Z-TRIM," both applied to potentiometers.

In evaluating the marks, the board stated:

> Opposer contends that the marks of the parties have substantially identical suggestive connotations. In this regard opposer directs our attention to the definition of the word "facile" and to the definition of the word "facility" but the words with which we are concerned are "quick" and "easy." The dictionaries which are available to us * * * do not indicate that the terms "quick" and "easy" are synonyms or even have similar suggestive connotations.
>
> The only similarity between the marks resides in the common use of the term "TRIM". * * *
>
> Considering the nondistinctive nature of the term "TRIM" and *considering the marks in their entireties,* we conclude that "KWIK-TRIM" does not look or sound like "E-Z-TRIM" nor do they have the same meaning or connotation. We conclude that there is no likelihood of confusion. [Emphasis supplied]

Appellant argues specifically that the board improperly dissected the competing marks; that when viewed in their entireties the marks have the same suggestive connotation; and that doubt should be resolved in its favor as prior registrant.

We have reviewed the board's action in light of appellant's arguments but are unable to find that the board erred in any of the respects that appellant alleges. Aside from the board's reasoning, it would seem that the technical nature and uses of potentiometers suggest that purchasers would be inclined to exercise care and discrimination, a point developed in appellee's brief but not treated in appellant's brief.

The decision is affirmed.

Affirmed.